DA 10-0528

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 140N

CITY OF MISSOULA,

       Plaintiff and Appellee,

  v.

HAMED CHOWDHURY,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-308
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Hamed Chowdhury, self-represented; Missoula, Montana

       For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

                    Submitted on Briefs:  May 25, 2011

                    Decided:  June 15, 2011

Filed:

_____
                   Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hamed Chowdhury appeals from the order of the Fourth Judicial District Court, Missoula County, affirming the judgment entered by the Missoula Municipal Court convicting Chowdhury of Driving While Under the Influence of Alcohol (DUI), § 61-8-401, MCA, Operating a Motor Vehicle Without Proof of Insurance, § 61-6-302, MCA, and Failing to Stop at a Red Light, § 61-8-207, MCA. Chowdhury argues that the District Court failed to properly consider all the evidence in the record and the evidence did not establish that he was the driver of the subject vehicle; that he was denied due process; that he was denied his right to obtain an independent blood test; and that a temporary driving permit was not issued to him as provided by state law.

¶3 In the Municipal Court, Chowdhury requested that his appointed counsel be removed and he be permitted to represent himself. The Municipal Court allowed appointed counsel to withdraw. Chowdhury filed a pre-trial motion to dismiss the DUI charge on the ground that the City had failed to demonstrate that he was the driver of the subject vehicle, because the officer's report did not detail how the officer had determined Chowdhury was the driver. The Municipal Court denied the motion, reasoning that the motion was premature because trial had not yet occurred. Chowdhury then failed to appear for his trial, and he was tried in absentia and convicted of the charged offenses. He appealed his convictions to the District Court.

¶4 An initial concern is one referenced in our order of April 19, 2011, denying Chowdhury's motion to include evidence into the record, and argued again in the State's briefing, regarding the

2

sufficiency of the record and an appellant's duty to provide the record. The CD/DVD electronic recording of the trial has not been transmitted with the record, and the State faults Chowdhury for failing to cite to that recording to support his arguments. While M. R. App. P. 8(2) imposes a duty upon an appellant "to present the supreme court with a record sufficient to enable it to rule upon the issues raised," it appears that the filing of a notice of appeal does not always ensure that the recording of the municipal court trial is transmitted with the rest of the record, thus leaving the unsuspecting appellant, particularly one that is pro se, without an adequate record with which to make his arguments. While the lack of a CD/DVD record does not affect the outcome of this case, as the District Court disposed of Chowdhury's claims on legal grounds, this is a concern which we intend to address in the future.

¶5      Under Rule 15 of the Montana Uniform Municipal Court Rules of Appeal to District Court (U.M.C.R.App.), a district court's review of a municipal court's orders and judgment is limited to review of the record and questions of law. *City of Kalispell v. Miller*, 2010 MT 62, ¶ 9, 355 Mont. 379, 230 P.3d 792 (citing *State v. Bonamarte*, 2009 MT 243, ¶ 13, 351 Mont. 419, 213 P.3d 457). This Court reviews a district court's conclusions of law to determine whether they are correct. *Bonamarte*, ¶ 13. We review evidentiary rulings for abuse of discretion. *Bonamarte*, ¶ 13.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted, including the due process claims. The issue of the independent blood test was waived by failing to raise it in the Municipal Court.

¶7      Affirmed.

3

/S/ JIM RICE

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS